UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THELMA LOUISE POLK, in her representative capacity as Administrator of the Estate of ROBERT LASHUN HUMPHREY, deceased, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | ) No. 3:09-0490<br>) JUDGE ECHOLS |
| v. | )<br>) |
| FIRST MEDICAL MANAGEMENT, et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER OF REMAND**

Defendants Vanderbilt University, Harold Jordan, M.D., Meharry Medical College, Meharry Medical Group, Lemuel Dent, M.D., and Kevin Sexton, M.D., move to remand this case to the Circuit Court for the Twentieth Judicial District at Nashville, Tennessee, from which it was removed by Defendant Hospital Authority of Nashville and Davidson County d/b/a Nashville General Hospital ("NGH"). (Docket Entry Nos. 5, 7, 8 & 14, Motions to Remand.) Defendants NGH and First Medical Management ("FMM") oppose the motions to remand, (Docket Entry No. 20), and Defendant Vanderbilt University filed a reply (Docket Entry No. 31).

For the reasons stated below, the motions to remand are hereby GRANTED. Further, NGH's Motion For Leave To Amend Notice of Removal (Docket Entry No. 23), to which Defendant

1

Vanderbilt University filed a response in opposition (Docket Entry No. 25) and NGH filed a reply,[1] is hereby DENIED.

On April 15, 2009, Plaintiff filed a Complaint in the Circuit Court for the Twentieth Judicial District at Nashville, Tennessee, against eight (8) Defendants seeking damages for the death of her son, Robert Lashun Humphrey, on April 21, 2008, while he was confined as an inmate in the Tennessee Department of Correction. Plaintiff asserted in the Complaint that Humphrey's death was caused by a lack of medical care, improper medical care, or both. The Complaint was dominated by state-law claims for medical negligence against all of the Defendants. The Complaint also included, however, a civil rights claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs under the Eighth and Fourteenth Amendments against Defendants NGH and FMM. Plaintiff sought damages against all of the Defendants in the amount of $1.5 million.

On May 28, 2009, NGH filed a Notice of Removal pursuant to 28 U.S.C. § 1441 alleging that this Court had federal question jurisdiction over the § 1983 claim. NGH asserted that the federal claim against it could be removed to this Court under § 1441(c) because the claim was a "separate and independent claim or cause of action" that had been joined with one or more otherwise non-removable negligence claims. NGH did not state in the Notice of Removal whether any of the other named Defendants agreed to the removal, and NGH did not give any explanation for why the other named Defendants, particularly FMM, against whom a § 1983 claim was also asserted, had not joined in the removal. None of the other named Defendants separately joined in the Notice of Removal.

---

[1] The Court grants NGH's Motion For Leave To File Reply To Vanderbilt's Response To Motion For Leave To Amend Notice of Removal (Docket Entry No. 28).

2

Thereafter, all of the other named Defendants, except FMM, moved to remand the case to state court on the ground that they had not agreed to the removal and therefore, NGH's removal without their consent was improper. In response, NGH, joined by FMM, argued that removal was proper under § 1441(c) and Klein v. Manor Healthcare Corp., Nos. 92-4328, 92-4347, 1994 WL 91786 at *9 n.8 (6th Cir. Mar. 22, 1994). NGH and FMM presented affidavits of their counsel confirming that FMM had verbally agreed to the removal before NGH filed the removal petition. (Docket Entry Nos. 21 & 22, Parks and Farrar Affidavits.) NGH and FMM contended that there is an exception to the unanimity rule requiring all defendants to agree to removal of a case from state court. Under § 1441(c), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." In Klein, an unpublished per curiam opinion, a panel of the Sixth Circuit quoted Courtney v. Benedetto, 627 F.Supp. 523, 525-26 (M.D. La. 1986), in part as follows:

> Courts have consistently construed 28 U.S.C. § 1446(a) to require that all defendants either join the petition for removal or to consent to such removal. . . . The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: . . . (3) the removed claim is a separate and independent claim as defined in 28 U.S.C. § 1441(c). A necessary corollary to 1446(a) which requires the petition for removal contain "a short and plain statement of the facts which entitle him or them to removal" is that the removal petition must set forth the reason why a defendant named in such action has not joined the petition for removal. A petition for removal filed by less than all defendants is considered defective if it does not contain an explanation for the non-joinder of those defendants.

Klein, 1994 WL 91786 at *9 n.8. Thus, NGH and FMM rely on Klein to argue that they are the only named Defendants who must agree to removal because the § 1983 claims are stated only against

3

them. They contend that, because they agree to removal, the case is properly removed to federal court and remand would be inappropriate.

In reply, Vanderbilt University contended that reliance on Klein is misplaced. First, Klein did not address the exception on which NGH and FMM rely. Rather, Klein concerned a situation in which a defendant, who had not yet been served with process, did not join in the removal and the plaintiff was permitted to amend the notice of removal to explain why the unserved defendant had not joined in the removal. The court noted a developing line of Sixth Circuit cases permitting amendments of removal notices to cure pleading defects and held "that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations." Id. at *4.

More importantly, Vanderbilt University argued, the Sixth Circuit has never specifically held that the exception listed in footnote 8 of the Klein opinion is applicable in the Sixth Circuit. Further, it argued, since Klein, the Sixth Circuit has taken a stricter stance regarding the removal statutes. In Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999), the Sixth Circuit stated that the "rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." Subsequently, in Loftis v. United Parcel Serv., Inc. 342 F.3d 509, 516 (6th Cir. 2003), the Sixth Circuit held, consistently with the prevailing view of other circuits, that "all defendants in the action must join in the removal petition or file their consent to removal in writing[,]" and "[f]ailure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."

4

Brierly and Loftis did not address the same § 1441(c) issue raised by NGH and FMM here, so those two cases are not particularly helpful to the Court. The cases do confirm that the removal statutes must be strictly construed and all defendants, as a general rule, must join a removal petition. However, as NGH and FMM note, the Klein case, as well as other cases in the Sixth Circuit, recognize that an exception to the general rule exists "where the removed claim is a separate and independent claim" as defined by § 1441(c). Nixon v. James, 174 F.Supp.2d 739, 743 (M.D. Tenn. 2001) (and cases cited below). NGH and FMM carry the burden to show that the requirements for removal under § 1441(c) have been met. See id. (citing Jerome-Duncan v. Auto-By-Tel, L.L.C., 176 F.3d 904 (6th Cir. 1999)).

Whether a claim sought to be removed to federal court is "separate and independent" for purposes of § 1441(c) depends upon whether the Complaint alleges a single wrong to the Plaintiff arising from an interlocked series of transactions for which relief is sought. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951); Union Planters Nat'l Bank of Memphis v. CBS, Inc., 557 F.2d 84, 88-89 (6th Cir. 1977); Morris v. Boucher, 875 F.2d 866 (Table), 1989 WL 54110 at *2 (6th Cir. May 23, 1989). This Court must focus *not* on whether NGH or FMM committed the same wrongful act or acts against the Plaintiff as other co-Defendants committed, but whether the Plaintiff suffered a single wrong or injury to which all of the Defendants contributed, albeit in different ways. Morris, 1989 WL 54110 at *2. Morris recognizes this is the test in the Sixth Circuit and other circuits that have considered the question. Id. (collecting cases). The fact that Plaintiff utilized separate counts to plead different legal theories does not automatically make the claims separate and independent. See Union Planters, 557 F.2d at 89. The Complaint must be considered as a whole and the issue of removal determined on that basis. Id. "Multiple theories of recovery do not necessarily mean

5

multiple causes of action where there is but one wrong." Id. "[W]here a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c)." Id.

The Court concludes that Plaintiff's Complaint alleges one injury for which she seeks damages: the death of her son due to an alleged lack of medical care or improper medical care or both. The Complaint sets out a series of interrelated events that occurred over a period of a few days involving all of the Defendants at various times. Plaintiff alleges that all of the actions mentioned contributed to her son's death. The factual allegations against NGH and FMM are closely interwoven with the factual allegations against all of the other named Defendants. In fact, in addition to the § 1983 claims for deliberate indifference to her son's serious medical needs, Plaintiff asserted negligence claims against NGH and FMM, just as she asserted negligence claims against all of the other Defendants.

Because Plaintiff's § 1983 claims against NGH and FMM arose from a common nucleus of operative fact, the Court concludes that those claims are not "separate and independent" under § 1441(c) as that phrase is interpreted by the courts, and thus, the claims are not removable to this Court. See Padilla v. City of Saginaw, 867 F.Supp. 1309, 1312-1313 (E.D. Mich. 1994) (holding § 1983 claims alleged in state court complaint, along with numerous state-law tort claims, by personal representative of individual killed by police officer were not separate and independent claims under § 1441(c)); Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc., 186 F.Supp.2d 787, 789-790 (E.D. Mich. 2002) (claims which derive from a common nucleus of operative fact cannot be "separate and independent" for purposes of § 1441(c)); Lausin v. Bishko, No. 1:07-CV-

6

1231, 2007 WL 2046808 at **2-4 (N.D. Ohio July 11, 2007) ("Where only a single wrong was suffered, and defendants contributed to this wrong, no separate and independent claim is asserted.")

In light of this conclusion, the Court need not address Vanderbilt University's arguments that FMM's late attempt to join NGH's removal petition was untimely or that state-law claims should be remanded even if the Court were to hold that the § 1983 claims were properly removed to federal court. Additionally, the Court recognizes that Klein would permit NGH to amend the removal petition to cure its initial failure to mention that FMM had consented to the removal and to state that "NGH did not consult with counsel for the remaining defendants because they are not parties to the separate and independent claims under 42 U.S.C. § 1983[.]" (Docket Entry No. 23 at 2.) It would be futile, however, for the Court to allow the amendment. The Court's conclusion that the § 1983 claims are not separate and independent claims removable under § 1441(c) renders unnecessary any effort to amend the removal petition. Accordingly,

(1) NGH's Motion For Leave To File Reply To Vanderbilt's Response To Motion For Leave To Amend Notice of Removal (Docket Entry No. 28) is hereby GRANTED, and the Clerk is directed to file the reply, which is attached to the Motion For Leave, under a separate docket entry number;

(2) NGH's Motion For Leave To Amend Notice of Removal (Docket Entry No. 23) is hereby DENIED;

(3) the Motions for Remand filed by Defendants Vanderbilt University, Harold Jordan, M.D., Meharry Medical College, Meharry Medical Group, Lemuel Dent, M.D., and Kevin Sexton, M.D. (Docket Entry Nos. 5, 7, 8 & 14) are hereby GRANTED;

7

(4) this case is hereby REMANDED to the Circuit Court for the Twentieth Judicial District at Nashville, Tennessee;

(5) the Clerk is hereby DIRECTED to mail a certified copy of this Order of Remand to the Clerk of the Circuit Court of the Twentieth Judicial District at Nashville, Tennessee, pursuant to 28 U.S.C. § 1447(c); and

(6) all parties will bear their own costs, expenses and attorney's fees incurred in connection with the removal and remand.

It is so ORDERED.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE